**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

KENYON HAIR,

        Petitioner,        2:13-cv-00890-APG-VCF

vs.

                              **O R D E R**

BRIAN WILLIAMS,

        Respondent.

       Kenyon Hair, a *pro se* prisoner, submitted a petition for a writ of habeas corpus and filed an application for leave to proceed *in forma pauperis* (ECF No. 1).

       The court denied his application and ordered petitioner to pay the $5 filing fee by June 23, 2013. ECF No. 3. That time has expired and no payment has been received and no request for additional time has been made. The petition is subject to dismissal for failure to pay the filing fee.

       In anticipation of dismissing the petition for lack of payment, the court has reviewed the petition. The review demonstrates that petitioner was convicted on August 28, 2009, and he did not appeal. Thus his conviction became final on September 27, 2009. Petitioner filed his state post-conviction petition on August 16, 2010, expending 323 of his 365 days allowed under 28 U.S.C. § 2244(d) for filing his federal habeas corpus petition. The appeal of the denial of that petition was decided on October 8, 2012. *See* Order of Affirmance, attached to petition. This means that petitioner has expired a total of 543 untolled days between the time his conviction became final and the time he submitted his federal petition for mailing to this court. The petition is subject to dismissal on this basis as well.

1   Finally, the petition is subject to dismissal under Rule 4 of the Rules Governing Section 2254
2   Cases because it contains not a single claim for relief. Rather, petitioner indicates:

> I had a lawyer on all of my proceedings. I do not know how to file my ground, could I please have help from a lawyer.

Petition, pp. 3 and 5. The filing of a federal petition does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120 (2001) ("Section 2244(d)(2) does not toll the limitations period while a federal habeas petition is pending."). Thus, the clock continues to run and petitioner has not presented any viable claims for the court to review.

Based on this factors, dismissal of this action for failure to pay the fee will not prejudice petitioner as it would not have any impact on a timeliness analysis that might be required should petitioner refile. *See* 28 U.S.C. § 2244(d).

**IT IS THEREFORE ORDERED** that the action shall be dismissed without prejudice for failure to pay the required filing fee. No certificate of appealability will be issued.

The clerk shall enter judgment accordingly.

Dated this 10th day of July, 2013..

_____
UNITED STATES DISTRICT JUDGE